UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES PETER,<br><br>Plaintiff,<br><br>v.<br><br>VITRAN EXPRESS, INC., a corporation of the State of Pennsylvania; and ALAN KUNZMAN,<br>Defendants. | Hon. Dennis M. Cavanaugh<br><br>OPINION<br><br>Civil Action No. 2:13-cv-2702 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion to Dismiss, or in the alterative, for Summary Judgment[1] by Defendants Vitran Express, Inc. ("Vitran") and Alan Kunzman (collectively "Defendants"). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion to Dismiss is **granted in part and denied in part.**

**I.   BACKGROUND**[2]

Vitran is a corporation of the State of Pennsylvania with its principal place of business in Gibsonia, Pennsylvania. Kunzman is the Director of Security of Vitran. Plaintiff James Peters ("Plaintiff") is a resident of the State of New Jersey. Plaintiff was employed by Vitran as a truck driver at Vitran's South Plainfield, New Jersey branch from May 2008 to October 24, 2012.

---

[1] This Court declines to treat this Motion as one for summary judgment.
[2] The facts from this section are taken from the parties' pleadings.

1

On October 24, 2012, Plaintiff was suspended without pay. Plaintiff states that Kunzman indicated that he was conducting an investigation in connection with cargo that was allegedly missing from Vitran's New Jersey facility. Plaintiff claims that he was never given the opportunity to review the purported evidence against him or to confront his accusers. Further, Plaintiff alleges that he has not been contacted by Defendants regarding his employment status, despite several requests.

Plaintiff filed a Complaint on February 27, 2013, alleging i) breach of contract; ii) violation of covenant of good faith and fair dealing; iii) wrongful discharge in violation of public policy; iv) violation of the Conscientious Employee Protection Act ("CEPA");[3] v) defamation; and vi) negligence ("Compl.," ECF No. 1, Ex. 1). Defendants filed the instant Motion to Dismiss on May 17, 2013 (ECF No. 5). Plaintiff filed an Opposition on June 3, 2013 (ECF No. 7). Defendants filed a Reply on June 10, 2013 (ECF No. 10).

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the

---

[3] Defendants' Motion does not address Plaintiff's CEPA claim.

2

heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## II. DISCUSSION

### A. Breach of Contract

Count one of the Complaint alleges that the policies and procedures established by Vitran and relayed to Plaintiff and other employees "constituted both an express[] and implied promise and contract that employees would not be terminated without cause, and not without an investigation conducted in good faith and due diligence prior to termination" (Compl. ¶ 9). Under New Jersey law, "an employment relationship remains terminable at the will of either an employer or employee unless there is an agreement that provides otherwise." Warner v. Fed. Express Corp., 174 F. Supp. 2d 215, 223, at *2 (D.N.J. 2001). However, a plaintiff can "override the presumption of at-will employment" by pointing to a "widely distributed employment manual that articulates terms and conditions of employment, including grounds and procedures for termination." Saget v. Wells Fargo Bank, N.A., No. 2:13-03544, 2013 WL 6188638, at *2 (D.N.J. Nov. 26, 2013). Further, "[o]ral promises, representations . . . or the conduct of the parties, depending on the surrounding circumstances, have been held to give rise to an enforceable obligation on the part of an employer." Troy v. Rutgers, 774 A.2d 476, 482 (N.J. 2001).

3

Here, Plaintiff merely alleges that the "policies and procedures established by . . . Vitran" constituted both an express and implied contract and that he always "performed his duties consistent with . . . Vitran's policy" (Compl. ¶ 9-10). This vague allegation is insufficient to withstand a motion to dismiss, as Plaintiff has not pointed to an employment manual, an oral promise, or any other specific conduct on the part of Defendants that would give rise to an implied contract. See Saget, 2013 WL 6188638, at * 2 (finding that the Complaint did not state a claim for breach of implied contract because "[t]he Complaint fail[ed] to provide any language from an employee handbook or similar document overriding the presumption of at-will employment"); Merkle v. T-Mobile USA, Inc., No. 07-3401, 2008 WL 2983530, at *4 (D.N.J. July 31, 2008) (finding that "corporate culture" is not sufficient to create an implied contract of employment and that a plaintiff must allege more concrete evidence). Accordingly, count one of the Complaint is dismissed.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

Count two of the Complaint alleges that Defendants breached "an implied covenant of good faith and fair dealing concerning . . . Plaintiff's employment and termination procedures" (Compl. ¶ 15). However, a plaintiff cannot allege a breach of an implied covenant of good faith and fair dealing in the absence of an underlying contract. Noye v. Hoffmann-La Roche Inc., 570 A.2d 12, 14 (N.J. Super. Ct. App. Div. 1990). See also McQuitty v. Gen. Dynamics Corp., 499 A.2d 526, 529 (N.J. Super. Ct. App. Div. 1985) ("Since plaintiff was working without a contract as an at-will employee, his argument that every contract imposes a duty of good faith and fair dealing is irrelevant. One cannot read additional terms into a non-existent contract."). As discussed above, Plaintiff's Complaint does not establish the existence of an implied contract. Accordingly, count two of the Complaint is dismissed.

## C. Wrongful Discharge in Violation of Public Policy

Count three of the Complaint alleges that Defendants wrongfully discharged Plaintiff in violation of public policy because Kunzman's questioning of Plaintiff's background without cause violated Plaintiff's "Fourth and Fifth Amendment rights under the United States Constitution, his right of due process, and his right of privacy" (Compl. ¶¶ 19-26). In Pierce v. Ortho Pharm. Corp., 417 A.2d 505, 512 (N.J. 1980), the New Jersey Supreme Court stated that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy." The court reasoned that "[a] employer's right to discharge an employee at will carries a correlative duty not to discharge an employee who declines to perform an act that would require a violation of a clear mandate of public policy." Id. The Supreme Court of New Jersey subsequently clarified that "a Pierce claim requires a plaintiff to identify a 'clear mandate of public policy' about which the employee complained and that was the cause of the employee's discharge from employment." Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1108 (N.J. 2009). See also Badrinauth v. MetLife Corp., 368 F. App'x 320, 323-24 (3d Cir. 2010) (recognizing the reporting requirement set forth by the New Jersey Supreme Court).

Here, Plaintiff makes no allegation that he was fired in connection with a complaint he made concerning a clear mandate of public policy. As such, he cannot maintain a claim under Pierce. Accordingly, count four of the Complaint is dismissed.

## D. Defamation

Count five of the Complaint alleges that Plaintiff was defamed by Defendants because "Kunzman throughout his investigation, made false, defamatory, and misleading statement to . . . Plaintiff's supervisors, [Vitran], and others concerning . . . Plaintiff indicating [that] he was responsible for the missing freight" (Compl. ¶ 35). In order to state a claim for defamation in

5

New Jersey, a plaintiff must show that 1) the defendant made a false and defamatory statement that concerned the plaintiff; 2) the statement was communicated by the defendant to a third party; and 3) the defendant had a sufficient degree of fault. Mangan v. Corporate Synergies Grp., Inc., 834 F. Supp. 2d 199, 204 (D.N.J. 2011). In order to survive a motion to dismiss, a plaintiff "must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication." Zoneraich v. Overlook Hosp., 514 A.2d 53, 63 (N.J. Super. Ct. App. Div. 1986).

Defendants claim that Plaintiff's defamation claim must be dismissed because Plaintiff has not set forth sufficient facts to meet the elements of defamation. This Court that Plaintiff has adequately pleaded the elements of defamation Plaintiff has alleged that i) Kunzman stated that Plaintiff was responsible for the missing freight; ii) Kunzman made these statements to Plaintiff's supervisors; iii) Kunzman made these statements with the intent to destroy Plaintiff's career; and iv) Plaintiff was damaged because he was terminated from his employment. Further, while Defendants assert that a qualified privilege attached to the words allegedly stated by Kunzman, they do not set forth the reasons as to why the privilege is applicable. Accordingly, Defendants' Motion to Dismiss Plaintiff's defamation claim is denied.

### E. Negligent Termination

Count six of the Complaint alleges that Defendants were negligent in conducting the investigation surrounding Plaintiff's purported theft. However, while New Jersey law allows claims for negligent discharge in violation of a specific public policy, it does not allow claims for "mere negligent wrongful discharge." See Mosley v. Delaware River Port Auth., No. 99-4147, 2000 WL 1534743, at *8 (D.N.J. Aug. 7, 2000). Plaintiff argues in his Opposition that Defendants can be found liable for negligently performing a duty that arises from an implied employment contract (See Pl.'s Opp'n at 16). This argument fails because, as discussed above,

Plaintiff cannot prove the existence of an implied contract. Additionally, Plaintiff argues that "[n]egligence is . . . a nexus for liability under [a] defamation claim" (Id.). However, to support this proposition, Plaintiff merely recites the elements of defamation and does not explain why he should be able to bring a separate negligence claim (See id.). Finally, Plaintiff argues that Defendants were negligent because they left him unsure about his employment status, which caused him emotional distress (Id. at 17). As this allegation was not raised in Plaintiff's Complaint, this Court will not address it. Accordingly, count six of the Complaint is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted in part and denied in part**. An appropriate order follows this Opinion.

/s/ Dennis M. Cavanaugh, U.S.D.J.

Date: December 23, 2013
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File